IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO CRESWELL, | No. C-12-6219 TEH (PR) |
|     Petitioner, | |
| v. | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |
| P.D. BRAZELTON, Warden, | |
|     Respondent. | |

Orlando Creswell, a California prisoner, has filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction from Santa Clara County Superior Court. Respondent was ordered to show cause why the petition should not be granted. Respondent has filed an answer, and Petitioner has filed a traverse. For the reasons set forth below, the petition is DENIED.

I

On October 30, 2009, Petitioner and his codefendant Raul Mata were convicted by a jury of multiple offenses related to several violent robberies they committed. Docket No. 18, Ex. A

("CT") at 197-200, 202-03 and 274-75.  With the addition of recidivist enhancements, Petitioner was sentenced to a term of 50 years to life with a consecutive sentence of 31 years.  CT at 274-75.  Petitioner's sentence was based on his admission on cross-examination that he had sustained the priors.  However, the question of whether Petitioner suffered the prior convictions was not tried by the jury, and Petitioner did not object to the discharge of the jury.

Petitioner appealed his conviction in October 2010, arguing that his conviction should be reversed for the following reasons: erroneous denial of request for substitution of counsel; prosecutorial misconduct; ineffective assistance of trial counsel; and cumulative error.  He also argued that his sentence should be set aside because the prior conviction allegations had not been proven true.  Docket No. 18, Ex. C.  Petitioner was also simultaneously seeking habeas relief.  On April 25, 2011, as his appeal was pending, Petitioner filed a petition for review in the state appellate court seeking reversal of his conviction on the following grounds: ineffective assistance of trial counsel for failure to consult an eyewitness identification expert and failure to object to prosecutorial misconduct; Petitioner was entitled to substitution of counsel; ineffective assistance of appellate counsel through the court's denial of Petitioner's application for ancillary funds; and cumulative error.  Docket No. 18, Ex. F.

The appellate court addressed both the appeal and the habeas petition in a reasoned opinion on August 19, 2011.  The appellate court upheld the conviction but remanded the case for a

2

court trial on his prior convictions and for resentencing. <u>People v. Mata, et al.</u>, No. H035445, 2011 WL 3652528, (Cal. Ct. App. Aug. 19, 2011), <u>as modified on denial of reh'g (Sept. 16, 2011)</u>. The appellate court found that Petitioner had waived his right to a jury trial on the truth of his prior conviction allegations when he failed to object to the jury discharge but that he was entitled to a court trial on the prior conviction allegations. <u>Mata</u>, 2011 WL 3652528, at *12-*13. On September 27, 2011, Petitioner filed a petition for review in the California Supreme Court, raising the same arguments raised in his appeal. Docket No. 18, Ex. I. The petition for review was denied on November 16, 2011. Docket No. 18, Ex. J.

On March 16, 2012, the trial court held a court trial on Petitioner's prior convictions and found that the prior convictions were proven beyond a reasonable doubt and imposed the same sentence as before. Docket No. 18, Ex. L at 5-22. Petitioner appealed this finding on July 6, 2012, arguing that the sentence should be vacated because it violated his right to a speedy trial and that the judgment should be modified to reflect additional custody credit. Docket No. 18, Ex. M. On May 30, 2013, the appellate court agreed to modify Petitioner's judgment to reflect the custody credit but otherwise denied the appeal. Docket No. 18, Ex. P. On August 14, 2013, Petitioner presented his speedy trial claim to the California Supreme Court, which declined to review the claim. Docket No. 18, Exs. Q and R.

On December 7, 2012, Petitioner filed the instant federal petition alleging a due process violation related to his prior

3

1  conviction allegations.

2  II

3  This Court may entertain a petition for a writ of habeas
4  corpus "in behalf of a person in custody pursuant to the judgment of
5  a State court only on the ground that he is in custody in violation
6  of the Constitution or laws or treaties of the United States."  28
7  U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

8  The Antiterrorism and Effective Death Penalty Act of 1996
9  ("AEDPA") amended § 2254 to impose new restrictions on federal
10 habeas review.  A petition may not be granted with respect to any
11 claim that was adjudicated on the merits in state court unless the
12 state court's adjudication of the claim: "(1) resulted in a decision
13 that was contrary to, or involved an unreasonable application of,
14 clearly established Federal law, as determined by the Supreme Court
15 of the United States; or (2) resulted in a decision that was based
16 on an unreasonable determination of the facts in light of the
17 evidence presented in the State court proceeding."  28 U.S.C. §
18 2254(d).

19 "Under the 'contrary to' clause, a federal habeas court
20 may grant the writ if the state court arrives at a conclusion
21 opposite to that reached by [the Supreme] Court on a question of law
22 or if the state court decides a case differently than [the] Court
23 has on a set of materially indistinguishable facts." Williams
24 (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000).  "Under the
25 'unreasonable application' clause, a federal habeas court may grant
26 the writ if the state court identifies the correct governing legal
27 principle from [the] Court's decisions but unreasonably applies that
28

4

principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409. Moreover, in conducting its analysis, the federal court must presume the correctness of the state court's factual findings, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). As the Court explained: "[o]n federal habeas review, AEDPA 'imposes a highly deferential standard for evaluating state-court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'" Felkner v. Jackson, 131 S. Ct. 1305, 1307 (2011).

When applying these standards, the federal court should review the "last reasoned decision" by the state courts. Avila v. Galaza, 297 F.3d 911, 918 n.6 (9th Cir. 2002). In Petitioner's case, the last reasoned decision addressing the claim in the instant petition is the California Court of Appeal's August 19, 2011 opinion.

With these principles in mind regarding the standard and scope of review on federal habeas, the Court addresses Petitioner's claim.

//

5

**III**

Petitioner argues that due process requires that the prosecution bear the burden of ensuring that Petitioner has a jury trial on his prior convictions pursuant to Section 1025 of the California Penal Code and that therefore a not-true finding should have been entered in the record with respect to the prior convictions upon the discharge of the jury.[1] Petitioner's claim is a state law claim. His right to a jury trial to prove his prior convictions arises solely from a state statute. Mata, 2011 WL 3652528 at *13 ("Creswell's right to a trial by jury on the prior conviction allegations is not derived from either the United States Constitution or the California Constitution; rather, it is a purely statutory right granted him under section 1025. People v. Wiley (1995) 9 Cal.4th 580, 589, 38 Cal.Rptr.2d 347, 889 P.2d 541."). Federal habeas relief is unavailable for violations of state law or for alleged error in the interpretation or application of state law, see Swarthout v. Cooke, 131 S. Ct. 859, 861-62 (2011); and Petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). Habeas relief is denied for this claim.

//

---

[1] In his traverse, Petitioner advances an additional argument. He argues that the court trial on his prior conviction allegations violated the Double Jeopardy Clause by allowing the prosecution a second opportunity to try him on the prior convictions. Docket No. 19 at 4. A petitioner may not raise new claims for habeas relief in a traverse. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994).

**IV**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

Further, a Certificate of Appealability is DENIED. See Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the U.S. Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk is directed to enter Judgment in favor of Respondent and against Petitioner, terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

DATED   *02/17/2015*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.12\Creswell 12-6219 deny habeas.wpd